## J. F. BROWN v. E. H. DELK ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS NO. 1 OF PHILADELPHIA COUNTY.

Argued January 15, 1890—Decided February 3, 1890.

A commission merchant, who, without special instructions, sells a consignment of goods on credit, and takes a note therefor in his own name, including therein the sales of goods for other parties, is liable to the consignor for the amount due on the consignment, even without a guaranty of the sale made.

Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, MC-COLLUM and MITCHELL, JJ.

No. 36 July Term 1889, Sup. Ct.; court below, No. 271 March Term 1887, C. P. No. 1.

On April 2, 1887, J. F. Brown brought assumpsit against E. H. Delk and A. T. Delk, trading as E. H. Delk & Co.   Issue.

Opinion of the Court.

At the trial on October 10, 1888, it was shown that, in 1886, the plaintiff consigned to the defendants, commission merchants, a cargo of wood to be sold on commission. No instructions accompanied the shipment, and it was sold by the defendants to one Davie, on November 18, 1886, at thirty and sixty days. An account of sales was rendered on November 19th, which, less freights paid and commissions, showed a balance due the plaintiff of $261.84, for which the plaintiff was authorized to draw on January 10th, following. On January 10th, 1887, the defendants rendered a corrected account of sales, showing a balance of $111.03, for which plaintiff was authorized to draw at once. A letter transmitting this corrected account informed the plaintiff that the defendants held Davie's note given on the sale of the wood, but they then had no hope of its being paid. Plaintiffs drew for the 111.03, which was paid. This suit was for the balance claimed to be due and unpaid. Two notes given by Davie were referred to in the testimony, one for $681.42, dated August 16, 1886, and the other for $217.15, dated November 17, 1886.

The court, ALLISON, P. J., instructed the jury orally to find a verdict for the plaintiff for the full amount of his claim. The jury returned a verdict for the plaintiff for $168.31. A rule for a new trial having been discharged, judgment was entered, when the defendants took this appeal, assigning the instruction to the jury to find for the plaintiff for the full amount of his claim for error.

*Mr. John B. Uhle,* for the appellants.

Counsel cited: Pinkham v. Crocker, 77 Me. 563; Percival v. Cooper, 6 Phila. 48; Myers v. Entriken, 6 W. & S. 44; Porter v. Zeitinger, 1 Penny. 505; Field v. Farrington, 77 U. S. 141; Conway v. Lewis, 120 Pa. 215; Smedley v. Williams, 1 Pars. 359, 365.

*Mr. Francis Shunk Brown,* for the appellee.

Counsel cited: Myers v. Entriken, 6 W. & S. 45; Percival v. Cooper, 6 Phila. 48.

PER CURIAM:

We think the learned judge below was justified in directing a verdict for the plaintiff. We need not discuss the right of

### Statement of Facts.

the defendants to sell the property consigned to them upon credit. Had they done so, and taken a note for the amount of such sale, in the name of their consignor, or even in their own names, we would have had a different question before us. They did not do so. On the contrary, the note evidently included other sales, for other parties, with the obvious intention of using it for their own purposes. Neither of the notes offered in evidence corresponds, either in amount, date, or time of payment, with the sale.

Judgment affirmed.